# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 93-cr-00567-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE ELIECER BUENO-SIERRA,

    Defendant.
_____/

## ORDER DENYING 3582(c)(2) MOTION

**THIS CAUSE** is before the Court upon the Defendant's Motion Seeking Reduction in His Sentence Based on the First Step Act Which Given Retroactive Effect to the Fair Sentencing Act of 2010, ECF No. [348] ("Motion"), filed on April 2, 2019. Plaintiff, the United States of America ("USA") filed a response, ECF No. [350] ("Response"). The Court has carefully reviewed the Motion and Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A federal grand jury indicted Defendant in a six-count superseding indictment charging Defendant with conspiracy to import cocaine in violation of 21 U.S.C. § 952(a) (Count 1); conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2); importation of cocaine in violation of 21 U.S.C. § 952(a) and 960(a)(1), (b) (Counts 3 and 5); and possession with intent to distribute cocaine in violation of 21 U.S.C. § 952(a) and 960(a)(1), (b) (Counts 4 and 6). ECF No. [57]. On October 7, 1994, Defendant was convicted of Counts 1 through 4. ECF No. [162].[1] At his sentencing, the Court determined that Defendant's total

---

[1] The USA later dismissed Counts 5 and 6.

offense level was 42, with a criminal history category I. ECF No. [214] at 108. Therefore, Defendant's guideline imprisonment range was 360 months to life in prison. *Id*. After hearing argument of counsel, the Court sentenced Defendant to a term of life in prison as to Counts 1-4, to be served concurrently. *Id.* at 114; ECF No. [192]. Defendant's conviction and sentence were affirmed on appeal by the Eleventh Circuit. *United States v. Bueno-Sierra*, 99 F.3d 375, 380 (11th Cir. 1996). The United States Supreme Court denied certiorari on March 31, 1997. *Bueno-Sierra v. United States*, 117 S. Ct. 1347, 1347 (1997). In addition, Defendant filed numerous unsuccessful petitions for post-conviction relief. *See* ECF Nos. [270], [278], [302], [316], [337]. In the instant Motion, Defendant argues that he is eligible for a sentencing reduction under the First Step Act of 2018 ("First Step Act").

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") was passed to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity). But the Fair Sentencing Act was not made retroactively applicable until passage of the First Step Act. Section 404(b) of the First Step Act expressly permits the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act . . . was in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Thus, the changes in the statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (B) apply retroactively to a sentence rendered prior to the effective date of the Fair Sentencing Act—August 3, 2010.

Here, Defendant purports to bring this motion under 18 U.S.C. § 3582(c)(2), which gives a court jurisdiction to reduce a defendant's sentence in response to retroactive changes to the Sentencing Guidelines. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2010).

The First Step Act was passed into law on December 21, 2018, but the Act does not cite 18 U.S.C. § 3582(c). However, § 3582(c) provides the procedural vehicle through which this Court may modify Defendant's sentence. *See United States v. Maiello*, 805 F.3d 992, 999-1000 (11th Cir. 2015) (stating that a court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies). One such narrow exception to the general prohibition against modifying a previously-imposed sentence is found at 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." When the district court considers a § 3582(c)(2) motion, it must apply a two-step approach. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the court must determine if the defendant is eligible for relief under § 3582(c)(2), and if so, determine the "amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quotation omitted). The court must then decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence by considering the § 3553(a) factors. *Id.*

The only portion of the First Step Act that expressly permits a Court to reduce a previously-imposed sentence is Section 404, which allows (but does not require) courts to retroactively apply certain portions of the Fair Sentencing Act regarding the statutory penalties for offenses involving cocaine base. Upon review, Defendant is not eligible for relief under the First Step Act because he was not convicted of a "covered offense." Under the First Step Act, a "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Pub. L. 115-391, 132 Stat. 5194. In this case, the Court sentenced Defendant to life in prison

based upon his conviction for cocaine offenses involving 467 kilograms of cocaine. As Defendant was convicted of offenses involving cocaine, not cocaine base, Section 404 of the First Step Act does not permit this Court to modify his sentence.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [348]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 6, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Jorge Eliecer Bueno-Sierra
43039-004
Atlanta-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 150160
Atlanta, Georgia 30315