UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 93-cr-00567-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JORGE ELIECER BUENO-SIERRA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant, Jorge Bueno-Sierra's Reply to United States Brief in Opposition to Petition [for] Motion for Reduction of Sentence, ECF No. [370].

A brief summary of this matter's procedural history is in order to address the timeliness of the Reply. On April 21, 2020, Bueno-Sierra filed a Petition under [Section] 3582(c)(1)(A) Seeking a Reduction of his Sentence, ECF No. [361], citing his increased risk of health complications due to the current COVID-19 health crisis. The Government filed a Response, ECF No. [365], on May 1, 2020. On May 17, 2020, the Court entered an Order, ECF No. [367], denying Bueno-Sierra's Petition. At the time of the Order, the Court had not yet received Bueno-Sierra's Reply. On May 29, 2020, before the filing of the Reply, Bueno-Sierra filed a Notice of Appeal, ECF No. [368].

Under Local Rule 7.1(c), a movant has seven days to file and serve a reply memorandum in support of his motion after receiving a response. In cases brought by prisoners, however, the date a document is filed does not control the analysis of timeliness. "The Eleventh Circuit has held that once the district court finds that a prisoner delivered a document to prison authorities for mailing to the court, the prisoner gets the benefit of the prison mailbox rule regardless of whether

the document was ever actually received by the court." *Palanco-Cabrera v. United States*, No. 06-20329-Cr, 2011 WL 13324495, at *6 (S.D. Fla. Dec. 2, 2011), *report and recommendation adopted*, No. 10-22312-Cv, 2012 WL 13137109 (S.D. Fla. Oct. 11, 2012). Bueno-Sierra's Reply contains a Certification of Service, *see* Mot. 25,[1] stating he filed the same with the Clerk of the Court using U.S. Mail on May 8, 2020. That date is within 7 days of the Government's Response filed May 1, 2020. The post-marked envelope, *see* Mot 26, is illegible.

In any event, because Bueno-Sierra has filed a Notice of Appeal, the Court construes the Reply as a Motion for Reconsideration. *See Wilson v. Thompson*, 638 F.2d 801, 803 (5th Cir. 1981) ("This circuit has decided that a district court retains jurisdiction to consider and deny a Rule 60(b) motion filed after the perfection of an appeal of the original decision.")

In denying Bueno-Sierra's Motion, the Court found (1) Bueno-Sierra failed to exhaust his administrative remedies, *see* May 17, 2020 Order 6; (2) consideration of the section 3553(a) factors did not warrant modification of Bueno-Sierra's sentence, *see id.* 7; and (3) there were no "extraordinary and compelling reasons" to grant Bueno-Sierra's Petition, notwithstanding the current health crisis.[2] Regarding its third finding, the Court noted that despite Bueno-Sierra's age (72), and his health conditions (diabetes and hypertension), "it appears that [Bueno-Sierra's] medical conditions are being managed in custody." Mot. 8.

Bueno-Sierra's Reply calls this finding into question. Bueno-Sierra states "he already

---

[1] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears as a header on all filings.

[2] Certain courts elsewhere in the country, most notably in the Second Circuit, have held that a prisoner's "exhaustion of the administrative process [in section 3582(c)(1)(A)] can be waived in light of the extraordinary threat posed . . . by the COVID-19 pandemic" in certain circumstances. *United States v. Zuckerman*, No. 16 Cr. 194, 2020 WL 1659880, at *2 (S.D.N.Y. April 3, 2020) (alterations added); *see also e.g., United States* v. *Colvin*, No. 3:19cr179, 2020 WL 1613943, at *2 (D. Conn. April 2, 2020) (collecting cases).

feel[s] the symptoms of the virus," "has been exposed to covid-19," and is "is being refused . . . test[ing] by [the] Health Service Department." Mot. 2 (alterations added). Given that Bueno-Sierra already qualifies as an individual "most at risk of suffering a severe form of the disease," *Zukerman*, 2020 WL 1659880, at *5 (identifying high-risk populations as those including "older people, and those with underlying medical problems like cardiovascular disease and diabetes" (alterations adopted; internal quotation marks omitted)), it cannot be said Bueno-Sierra's health conditions are being adequately "managed" if he is experiencing symptoms of COVID-19 but is also being denied testing and treatment. Accordingly, the Court finds it would benefit from a supplemental expedited response from the Government addressing the Court's concerns regarding the management and treatment of Bueno-Sierra's symptoms. Accordingly, it is

**ORDERED** that the Government shall fil a supplemental response by June 22, 2020.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jorge Eliecer Bueno-Sierra
43039-004
Atlanta-USP
United State Penitentiary
Inmate Mail/Parcels
Post Office Box 150160
Atlanta, Georgia 30315

3