UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 93-cr-00567-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JORGE ELIECER BUENO-SIERRA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Jorge Bueno-Sierra's Reply to United States Brief in Opposition to Petition [for] Motion for Reduction of Sentence ("Motion"), ECF No. [370], which the Court construes as motion for reconsideration of its May 17, 2020 Order, ECF No. [367], denying Bueno-Sierra's Petition under [Section] 3582(c)(1)(A), ECF No. [361], seeking a reduction of his sentence.

The Court construed the Motion as a motion for reconsideration because it was received on June 12, 2020, almost one month after the Court's May 17, 2020 Order, but contained new factual allegations that Bueno-Sierra was experiencing symptoms of COVID-19. *See* Mot. 2 (stating Bueno-Sierra "feel[s] the symptoms of the virus" but is being "refus[ed]" testing). Accordingly, on June 15, 2020, the Court entered an Order, ECF No. [371], requiring the Government to file a supplemental response addressing the Court's concern that Bueno-Sierra's medical conditions were not being adequately managed in light of the current health crisis. The Government complied by filing a Supplemental Response, ECF No. [372], on June 22, 2020.

The Government argues (1) the Motion was untimely and the Court lacks jurisdiction to recharacterize it as a motion for reconsideration because Bueno-Sierra filed a Notice of Appeal,

ECF No. [368], *see* Supp. Resp. 2–4; and (2) Bueno-Sierra is not suffering from COVID-19 symptoms and the Bureau of Prisons is not ignoring his medial complaints, *see id.* 4–5. The Court briefly addresses the Government's procedural arguments and then turns to the merits of its Supplemental Response.

### A.  Procedural Arguments

The Government argues the Motion, signed on May 8, 2020 but not filed until June 12, 2020, is untimely because "the unsworn Certificate of Service makes no mention of depositing the item with prison officials with postage pre-paid" and the Motion does not "otherwise compl[y] with the 'prison mailbox rule.'" Supp. Resp. 2. The Government neglects, "absent evidence to the contrary," the Court "assume[s] that a prisoner delivered a filing to prison authorities on the date he signed it and the burden is on the Government to prove the [filing] was delivered to prison authorities on a date other than the date the prisoner signed it." *Houser v. United States*, 808 F. App'x 969, 971 (11th Cir. 2020) (alterations in original adopted; citations omitted). "The [G]overnment bears this burden because prisons have well-developed procedures for recording the date and time at which they receive papers for mailing and can readily dispute a prisoner's assertions that he delivered the paper on a different date." *Id.* (alterations in original adopted; citations and internal quotation marks omitted).

The Government asserts it is "highly unlikely" that Bueno-Sierra delivered the Motion to prison authorities on May 8, 2020 because it took over one month to reach the Court. Supp. Resp. 3. Yet, the Government provides no evidence in support of its contention. *See Houser*, 808 F. App'x 969 at 97 (rejecting the contention a prisoner's section 2255 motion was time barred "absent evidence to the contrary in the form of prison logs or other records" (citations omitted)).

The Government next argues the Court may not construe the Motion as a motion for

2

reconsideration because Bueno-Sierra's appeal divests the Court of jurisdiction. *See* Supp. Resp. 4. To the extent the Court previously relied on *Wilson v. Thompson*, 638 F.2d 801 (5th Cir. 1981), in its June 15, 2020 Order, the Court agrees its reliance was misplaced. *See United States v. Blanco*, 632 F. Ap'x 549, 551 (11th Cir. 2015) ("Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for a number of reasons. That Rule, however, does not provide for relief from a judgment in a criminal case." (internal quotation marks and citation omitted)).

Notwithstanding, "the Eleventh Circuit has not spoken directly on" the question "whether a motion for reconsideration filed after a notice of appeal reinvests jurisdiction in the district court." *United States v. Ortiz-Lopez*, No. 8:11-cr-48-T-33AAS, 2017 WL 1065528, at *2 (M.D. Fla. Mar. 21, 2017);[1] *see also United States v. Erland*, 352 F. App'x 363, 365 n.6 (11th Cir. 2009) (finding a notice of appeal filed the same day as the defendant's motion for reconsideration did not divest the district court of jurisdiction until the court entered an order on the motion). However, the Court need not to delve into this issue further. Assuming the Court has jurisdiction to consider the Motion, it agrees with the Government's arguments on the merits of its Supplemental Response.

### B. Motion for Reconsideration

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011); *see also United States v. Russo*, No. 11-6337, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011) ("Courts have tended to import the standards governing a civil motion for reconsideration

---

[1] In *Ortiz-Lopez*, the court recognized a circuit split on the issue and ultimately found the filing of the defendant's appeal *did* divest it of jurisdiction. *See* 2017 WL 1065528 at *2.

3

into the criminal arena."). "In adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *United States v. Brown*, No. 3:18-cr-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (internal quotation marks and citations omitted).

In its June 15, 2020 Order, the Court explained Bueno-Sierra's statements he "feel[s] symptoms of the virus" and "is being refused . . . test[ing] by [the] Health Service Department," Mot. 2, called into question the Court's previous finding that Bueno-Sierra's medical conditions were being adequately managed. *See* June 15, 2020 Order 2. According to the Government, however, "[a] review of medical records obtained on an expedited basis demonstrate that, from March through June 2020, Bueno-Sierra has not complained of COVID-19 or exposure to the virus." Supp. Resp. 5 (footnote call number omitted).[2] The Government also states, "[i]f Bueno-Sierra had complained of COVID-19 related symptoms, or of being exposed to the virus, under the prison's COVID-19 protocol, he would have been tested, or at a minimum, a note would have been made as to why he did not need to be tested." *Id.* A review of the medical records *Bueno-Sierra* attaches to his Motion support the Government's arguments as the records contain no reference to COVID-19, or a request for testing the same. *See generally* Medical Records, ECF No. [370-1]. Plaintiff's generalized complaints of symptoms, without more specification or evidentiary support, do no constitute "newly discovered evidence." *Brown* 2019 WL 7067091, at *1. Neither does the documentation of Plaintiff's underlying medical conditions, such as diabetes and hypertension. *See* Medical Records 2. The Court addressed Bueno-Sierra's arguments

---

[2] The Government does not submit Bueno-Sierra's full medical record but states it can be provided under seal on the Court's request. *See* Supp. Resp. 5 n.3.

regarding his underlying conditions in the May 17, 2020 Order, and found them lacking. *See id.* 7–8.

Finding no other basis to reconsider the May 17, 2020 Order, it is

**ORDERED AND ADJUDGED** that Bueno-Sierra's Reply to United States Brief in Opposition to Petition [for] Motion for Reduction of Sentence ECF No. [370], construed as a motion for reconsideration, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jorge Eliecer Bueno-Sierra
43039-004
Atlanta-USP
United State Penitentiary
Inmate Mail/Parcels
Post Office Box 150160
Atlanta, Georgia 30315