UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 93-cr-00567-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE ELIECER BUENO-SIERRA,

    Defendant.
_____/

**ORDER ON DEFENDANT'S PETITION UNDER 18 U.S.C. § 3582(c)(1)(A)**

**THIS CAUSE** is before the Court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF No. [385]. Defendant filed a Proposed Release Plan that contains letters of support and Defendant's medical records. ECF No. [386]. Plaintiff ("Government") filed a Response in opposition. ECF No. [387]. The Court has carefully reviewed the Motion and Response, the Proposed Release Plan, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

A federal grand jury indicted Defendant in a six-count superseding indictment charging Defendant with conspiracy to import cocaine in violation of 21 U.S.C. § 952(a) (Count 1); conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2); importation of cocaine in violation of 21 U.S.C. § 952(a) and 960(a)(1), (b) (Counts 3 and 5); and possession with intent to distribute cocaine in violation of 21 U.S.C. § 952(a) and 960(a)(1), (b) (Counts 4 and 6). ECF No. [57]. On October 7, 1994, Defendant was convicted of Counts 1

Case No. 93-cr-00567-BLOOM

through 4. ECF No. [162].[1]

At sentencing, the Court sentenced Defendant to a term of life in prison as to each of Counts 1-4, to be served concurrently. ECF No. [214] at 114; *see also* ECF No. [192]. Defendant's conviction and sentence were affirmed on appeal by the Eleventh Circuit. *United States v. Bueno-Sierra*, 99 F.3d 375, 380 (11th Cir. 1996). The United States Supreme Court denied certiorari on March 31, 1997. *Bueno-Sierra v. United States*, 117 S. Ct. 1347, 1347 (1997). Defendant is currently housed at USP Lompoc, California. ECF No. [385] at 6.

In the Motion, Defendant states he is over 70 years old; has served 352 months of his sentence; that his counselor, Officer G. Widmer, determined that Defendant is not a danger to the safety of any other person or the community; and that there are extraordinary and compelling reasons for release. ECF No. [385] at 2-4. As to those reasons, Defendant asserts that he has been diagnosed with a terminal illness;[2] has "a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes [Defendant's] ability to provide self-care within the environment of a correctional facility" and Defendant is "not expected to recover from [the] condition." *Id.* at 4. In addition, Defendant asserts that he is experiencing a serious deterioration in physical or mental health because of the aging process, and that there are "other extraordinary and compelling reasons for [Defendant's] release." *Id.* In particular, Defendant directs the Court to his attached medical record, which details the procedures he underwent due to a medical condition that requires him to "even start using [diapers]." *Id.* at 5. In addition, Defendant represents that he is using a wheelchair and a walker. ECF No. [385-1] at 2.

In support of the Motion, Defendant filed a Proposed Release Plan/Memorandum in

---

[1] The Government later dismissed Counts 5 and 6.
[2] Defendant provides no support for this contention.

2

Support. ECF No. [386] ("Proposed Release Plan"). The Proposed Release Plan states that Defendant would live with his son, Jorge Mario Bueno Ruge ("Ruge"), in Bogotá, Colombia. Defendant represents that he "will receive support from [his] sons and daughter." ECF No. [386] at 2.

Attached to the Proposed Release Plan is Defendant's medical paperwork, which reflects that, on November 24, 2022, a medical provider suspected Defendant suffered from Fournier's Gangrene. ECF No. [386] at 41. On December 1, 2022, Defendant underwent surgery for that suspected condition. *Id.* at 14. As of December 2, 2022, Defendant suffered from a scrotal and perineal abscess, "scrotal swelling with [the] approximate size of [a] mango," urinary retention, and experienced testicular and penile pain. ECF No. [386] at 11. Defendant rated the pain in his groin as a 2 on a 1-10 pain scale, with 10 presumably being the worst possible pain. *Id.* A December 2, 2022 assessment states that Defendant has signs of "some cellulitis." *Id.*

On December 5, 2022, Defendant presented with bleeding in the left scrotum following the operation. *Id.* at 14. In addition, Defendant continued to suffer from scrotal swelling and experienced Penrose drain. *Id.* The December 5, 2022 assessment notes that Defendant is a 75-year-old man with a history of hyperlipidemia and who has undergone right hip surgery, has benign prostatic hypertrophy, anemia, diabetes, scrotal hematoma, and severe constipation. *Id.* at 30, 106. The December 5, 2022 assessment also states that "[patient is] presenting with modified independence while using SPC for gait training today and demonstrating good standing balance for brief don/doffing and standing hygiene tasks." *Id.* at 16. The December 5, 2022 assessment recommends that Defendant return to the correctional facility when "medically appropriate," and that Defendant is "without further PT needs at this time." *Id.* Defendant takes a several medications to treat his numerous conditions. *Id.* at 17, 18, 21.

In a "Letter in Support of Jorge Eliecer Bueno Sierra's (#43039-004) Petition for Clemency and Commutation of Sentence," Ruge represents that his father's health has been deteriorating, citing some of the conditions described above, and adds that Defendant has no teeth and lost his dentures during his transfer to Lompoc. ECF No. [386] at 9.

The Proposed Release Plan also contains a letter of recommendation dated March 10, 2021 from G. Widmer, Counselor of D Cell House in USP Atlanta, Georgia ("Widmer Letter"). ECF No. [386] at 5. The Widmer Letter generally describes Defendant as a model prisoner who seeks educational opportunities, helpful to prison staff, and as someone who seeks to mentor younger inmates. *Id.* The Widmer letter endorses Defendant's release from detention. *Id.*

The Motion indicates that Defendant submitted a request for compassionate release to the warden of the institution where he is incarcerated but does not indicate when Defendant did so. ECF No. [385] at 3. However, Defendant represents, and the record confirms, that the BOP rejected Defendant's request for compassionate release as of January 6, 2023. *Id.*; *see also id.* at 7. In a memorandum dated January 6, 2023, B. Birkholz, warden of the Lompoc federal correctional facility, explained that the BOP would not be pursuing a request for compassionate release on Defendant's behalf. *Id.* Birkholz explains that "it was determined [Defendant] failed to provide specific information under a qualifying category, which would warrant submission of a RIS request." *Id.*

## II.     LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Here, Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment . . . if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

5

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

Thus, to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted,

but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Applying each of these factors, the Court considers Defendant's Motion.

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

As noted, under 18 U.S.C. section 3582(c)(1)(A), a Court may modify a term of imprisonment if (1) the defendant "has fully exhausted all administrative rights to appeal a failure of Prisons to bring a motion on the defendant's behalf," *or* (2) 30 days have lapsed from the receipt of such request by the warden of the defendant's facility. Defendant filed the instant Motion on February 27, 2023, and the record indicates that Defendant personally submitted his request for compassionate release to the warden of the institution where he is incarcerated on or before January 6, 2023. ECF No. [386] at 7. Because at least fifty-two days have elapsed since the initial request and the instant Motion, the 30-day exception to administrative exhaustion applies. *See United States v. Vence-Small*, 613 F. Supp. 3d 653, 658 (D. Conn. 2020) (reasoning that, under Section 3582(c)(1)(A), "[a] defendant must either fully exhaust all of the BOP's administrative appeal requirements or . . . wait for 30 days after seeking relief from the prison warden before filing a motion for relief with a court.").

Accordingly, the Defendant has exhausted his administrative remedies and the Court proceeds to consider the factors delineated in 18 U.S.C. § 3553(a).

#### B. Section 3553(a) Considerations

The applicable section 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The Court considers these two factors together. *See United States v. Hansen*, No. 07-CR-00520(KAM), 2020 WL 1703672, at *10 (E.D.N.Y. Apr. 8, 2020) (considering the nature and circumstances of the defendants' offenses, which included six counts of importing, distributing, and possessing with intent to distribute heroin and cocaine, and the defendant's history and present characteristics, as part of its analysis of the purposes set forth in 18 U.S.C. 3533(a)(2)).

Offenses concerning the importation and distribution of cocaine are, without question, serious. Even so, the fact that a defendant has committed such offenses does not categorically bar him or her from obtaining compassionate release. *See, e.g.*, *United States v. Chere*, No. 1:17-CR-20255, 2022 WL 797036, at *1 (S.D. Fla. Mar. 16, 2022) (granting motion for compassionate release of defendant sentenced for conspiracy to possess with intent to distribute cocaine). Here, Defendant has served 352 months of his sentence at the time of the filing of the Motion. Defendant, a 75-year-old man, has spent 40 percent of his life incarcerated for his criminal conduct, away from his two sons and daughter. *See* ECF No. [386] at 3. Accordingly, the time that Defendant has served to this point, in consequence of Defendant's offenses, promotes respect for the law and constitutes just punishment. 18 U.S.C. § 3553(a)(2)(A).

The Court also concludes, on these facts, that the time that Defendant has served affords adequate deterrence against similar criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B); *see also United States v. Jaen*, No. 91-00814-CR, 2020 WL 4209283, at *3 (S.D. Fla. July 6, 2020) (finding that "the purposes of deterrence have been achieved" where defendant, who was convicted of "multiple crimes, including conspiracy to import cocaine, conspiracy to possess with intent to

distribute cocaine, importation of cocaine, possession with intent to distribute cocaine, and knowingly and willfully assaulting a federal agent—all crimes committed while [defendant] and several co-defendants sought to import and distribute 600 kilograms of cocaine," served 26 years in prison).

The Court further concludes that the risk to the public from further crimes of Defendant is low. *See* 18 U.S.C. § 3553(a)(2)(C). First, as demonstrated, Defendant's behavior has been exemplary since Defendant has been helpful to prison staff and has sought to mentor younger inmates. These facts support that Defendant will not engage in further criminal activity. Second, as explained in the Background section and further described below, the filings support that Defendant's health makes it all but impossible to engage in the importation or distribution of cocaine or other serious offenses. *Jaen*, 2020 WL 4209283, at *3 (S.D. Fla. July 6, 2020). Third, Defendant's Proposed Release Plan states that Defendant intends to reside with Ruge, Defendant's son, in Bogotá, Colombia, and he will receive support from both his daughter and both his sons, minimizing the risk that Defendant might resort to a life of crime to support himself. ECF No. [386] at 2. Fourth, Defendant has shown signs of rehabilitation. A letter from G. Widmer from March 10, 2021 explains that Defendant is a helpful and model prisoner. In particular, the letter explained that Defendant "has done everything that we have asked him to do." ECF No. [386] at 5. Widmer states, "[w]henever a staff member needs help with anything, [Defendant] is always there to lend a helping hand." *Id.* Widmer continues, "[Defendant] has demonstrated to me as well as other staff members that he is capable of living [with]in [] guidelines" that will prevent his recidivism. *Id.* In addition, Widmer sets forth how Defendant has sought to improve himself. In particular, he explains that Defendant "has taken numerous classes," including that he has endeavored to obtain an "OSHA Certified License" in order to operate a forklift and obtain gainful

employment. *Id.* Although it appears unlikely that—given Defendant's age and health conditions—that Defendant will obtain employment, Widmer states that Defendant has sought to become a productive member of society. *See id.* ("I feel that if [Defendant] has his sentence reduced and goes home, he will become a productive member of society."). Defendant had "constantly mentor[ed] younger inmates on changing their lives and being a productive member of society." *Id.* In addition, Widmer explains that Defendant "attends religious services . . . and [was] very active helping other inmates when they need[ed] help cleaning their cells or with other tasks they can't complete due to medical conditions." *Id.*

Finally, Defendant has availed himself of educational training, furthering the rehabilitative aims of sentencing. *See* 18 U.S.C. § 3553(a)(2)(C); *see also Hansen*, 2020 WL 1703672, at *10 (considering evidence of rehabilitation as part of court's analysis of 3553(a) factors).

The Government states, "[i]f this Court grants early release, it will result in a sentence that does not reflect the seriousness of his underlying offenses, promote respect for the law, provide just punishment, [or] provide general deterrence to criminal conduct." ECF No. [387] at 10 (citing *Chambliss*, 948 F.3d 691, 691 (5th Cir. 2020)). To the extent the Government contends that the district court's analysis in *Chambliss* dictates a finding here that the 3553(a) factors counsel against granting the instant Motion, that argument is misplaced. *Chambliss*, a Fifth Circuit opinion, concluded that the district court in that case did not abuse its discretion in denying the defendant's motion for compassionate release on the grounds that the 3553(a) factors militated against granting that motion; *Chambliss* does not provide substantive guidance on the application of the 3553(a) factors to this case. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (holding that the district court "sufficiently articulated its reasons for denying Chambliss' request for compassionate release" and pointing out that "the district court, noting the discretionary and fact-

specific nature of the requested relief, was unpersuaded by other district court decisions Chambliss cited in which compassionate release was granted under the First Step Act."). The Court finds the defendant in *Chambliss* is differently situated from Defendant; the defendant there had committed the offense while on parole and only two years following his release from an earlier confinement. *Id.* at 694. The district court emphasized that the defendant had "clearly disregard[ed] all respect for the law." *Id.* Here, the record shows no such aggravating circumstances. *See* ECF No. [387] at 1-4 (not describing repeated violations of the law).

In view of the foregoing, the 3553(a) factors do not counsel against Defendant's request for compassionate release. The Court thus proceeds to consider whether "extraordinary and compelling reasons" support the Motion.

### C. Extraordinary and Compelling Reasons

As pertinent here, Commentary to the Federal Sentencing Guidelines states as follows:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is--
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> ***(III) experiencing deteriorating physical or mental health because of the aging process***,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> ***(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.***

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added). Defendant contends, *inter alia*, that his age is an extraordinary and compelling reason warranting his release. ECF No. [385] at 4. The Government does not dispute that Defendant is at least 65 years old, or that he has served at least 10 years or 75 percent of his term of imprisonment, but responds that Defendant is not experiencing a serious deterioration in physical or mental health because of the aging process as "he is receiving the necessary medical care and accommodations for his ailment, which do[es] not appear to be life-threatening, and he appears to be able to self-care and manage day to day." ECF No. [387] at 7-8.

The Commentary to the Sentencing Guidelines does not provide further guidance on what constitutes "a serious deterioration in physical or mental health because of the aging process." However, as one court in the Northern District of Alabama that has considered the issue in detail has explained, the determination of whether a defendant is experiencing a serious deterioration in health due to the aging process requires "a fact-intensive analysis." *United States v. Holley*, No. 596CR00208SLBSGC1, 2021 WL 2320394, at *5 (N.D. Ala. June 7, 2021) (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 428 (S.D.N.Y. 2020)), *reconsideration denied*, No. 596CR00208SLBSGC1, 2021 WL 2867032 (N.D. Ala. July 8, 2021), *appeal dismissed*, No. 21-12502-J, 2022 WL 2952293 (11th Cir. Apr. 5, 2022). Although a prisoner is not required to show that he cannot provide self-care, courts may consider evidence on that showing in determining the seriousness of the age-related deterioration. *Id.*

A prisoner experiences serious age-related deterioration if evidence supports that the prisoner is experiencing a "sudden or rapid decline in health and wellness." *Holley*, 2021 WL 2320394, at *5. For example, at least one court has found that where a prisoner demonstrates a collapse in mental health as a consequence of the prisoner's advanced age, that prisoner is experiencing serious age-related deterioration. *See United States v. Mondaca*, No. 89-CR-0655

DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (finding serious deterioration due to the aging process where 77-year-old prisoner was placed on "suicide watch" after becoming depressed and overwhelmed by the loss of his capacity to physically protect himself from other inmates following a physical assault by another inmate).

A prisoner may also demonstrate serious age-related deterioration by showing that he suffers from a disease that has an "end-of-life trajectory" together with "a litany of [other age-related] ailments," or that he requires constant medical care. *See United States v. Canty*, No. 3:94-CR-169-HLA-MCR, 2021 WL 1526351, at *4 (M.D. Fla. Apr. 19, 2021) (finding 70-year-old prisoner suffered serious age-related deterioration where the defendant suffered from "end-stage renal disease" and "chronic viral hepatitis C, type 2 diabetes, hypertension, ischemic cardiomyopathy (a type of heart disease), and HIV," required dialysis, and had broken his hip the prior year); *United States v. Lynn*, No. CR 89-0072-WS, 2020 WL 3229302, at *2-3 (S.D. Ala. June 15, 2020) (finding 65-year old prisoner suffered serious age-related deterioration where prisoner suffered from coronary heart disease that was "more extensive and severe than is typically seen in patients of his age," required care for that condition to forestall death, and suffered from chronic kidney disease that was "more severe than is typical of sexagenarians" and sleep apnea); *United States v. Conner*, 465 F. Supp. 3d 881, 886-89 (N.D. Iowa 2020) (finding 73-year old prisoner suffered serious age-related deterioration where prisoner had been diagnosed with diabetes, hypertension, kidney disease, and heart failure, and required daily chronic supplemental oxygen).

By contrast, where a prisoner suffers from multiple "relatively minor or treatable conditions commonly caused by aging," those conditions do not support a finding age-related serious deterioration in the prisoner's health. *See Holley*, 2021 WL 2320394, at *5 ("Mr. Holley

has multiple treatable conditions commonly caused by aging, but he has not shown that any are particularly severe."); *see also United States v. Shepard*, No. CR 07-85 (RDM), 2021 WL 848720, at *7 (D.D.C. Mar. 4, 2021); *United States v. Brown*, No. 1:04-CR-00006, 2020 WL 3035916, at *3 (M.D. Tenn. June 4, 2020); *United States v. Young*, 458 F. Supp. 3d 838, 848 (M.D. Tenn. 2020).

Here, Defendant has not demonstrated that he has suffered a sudden or rapid decline in health or wellness. Rather, Defendant's submissions reflect that the opposite is true; a December 5, 2022 assessment shows that a medical provider recommended that Defendant should ultimately return to the correctional facility to which he is assigned when "medically appropriate," suggesting that his condition following his surgery to treat suspected Fournier's Gangrene was improving. ECF No. [386] at 16. In addition, that recommendation demonstrates that Defendant's perineal and scrotal abscess is not presently life-threatening. The recommendation further shows that neither Defendant's abscess nor any other of Defendant's conditions requires the level of continuous care that other courts have found demonstrate a serious age-related deterioration in a prisoner's health. Moreover, the host of Defendant's other age-related ailments—cellulitis, hyperlipidemia, benign prostatic hypertrophy, anemia, diabetes, and severe constipation—are relatively minor or treatable given evidence that Defendant is taking medication for those ailments. ECF No. [386] at 17, 18, 21; *see also id.* at 26 (showing that Defendant was prescribed GoLYTELY for constipation). Thus, Defendant has not shown that he is suffering from serious age-related health deterioration. Moreover, because the record reflects that Defendant's condition has either improved or is stable, Defendant has not shown that he is "experiencing deteriorating physical or mental health because of the aging process" either. U.S.S.G. § 1B1.13 cmt. n.1.

Neither Defendant's Motion nor the associated filings indicate any other colorable bases upon which the Court can find that extraordinary and compelling circumstances warrant a compassionate release. Accordingly, Defendant has not shown extraordinary and compelling reasons warrant compassionate release.

### D.  Danger to the Community

Because the Court has found that extraordinary and compelling circumstances do not justify a compassionate release in Defendant's case, the Court does not decide whether Defendant is a danger to the community.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [385]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 26, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Jorge Eliecer Bueno-Sierra
43039-004
United States Penitentiary Lompoc
3901 Klein Blvd
Lompoc, CA 93436