UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 93-cr-00567-BLOOM

UNITED STATES OF AMERICA,

v.

JORGE ELIECER BUENO-SIERRA,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(1)(A), MOTION FOR RECONSIDERATION, AND MOTION FOR APPOINTMENT OF COUNSEL**

**THIS CAUSE** is before the Court upon Defendant Jorge Eliecer Bueno-Sierra's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), ECF No. [389] ("Motion for Reduced Sentence"); Motion for Reconsideration, ECF No. [392], and Motion for Appointment of Counsel, ECF No. [393]. The Government filed a single response in opposition to all three Motions, ECF No. [394]. The Court has carefully considered the Motions, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion to Reduce Sentence, Motion for Reconsideration, and Motion for Appointment of Counsel are denied.

**I.  BACKGROUND**

    A federal grand jury indicted Defendant in a six-count Superseding Indictment charging Defendant with conspiracy to import cocaine, in violation of 21 U.S.C. § 952(a) (Count 1); conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); importation of cocaine, in violation of 21 U.S.C. § 952(a) and 960(a)(1), (b) (Counts 3 and 5); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 952(a) and 960(a)(1),

1

(b) (Counts 4 and 6). ECF No. [57]. On October 7, 1994, following a jury trial, Defendant was convicted of Counts 1 through 4. ECF No. [162].[1]

The Court sentenced Defendant to a term of life in prison on Counts 1-4, all to be served concurrently. ECF No. [214] at 114; *see also* ECF No. [192]. Defendant's conviction and sentence were affirmed on appeal by the Eleventh Circuit. *United States v. Bueno Sierra*, 99 F.3d 375, 380 (11th Cir. 1996). The United States Supreme Court denied certiorari on March 31, 1997. *Bueno-Sierra v. United States*, 117 S. Ct. 1347, 1347 (1997). Defendant is currently housed at FCI Victorville Medium. ECF No. [389] at 6.

Defendant has previously sought compassionate release on multiple occasions, all of which have been denied. *See* ECF Nos. [272], [276] [277], [278], [295] [298], [302] [348], [351], [361], [367], [385], [388]. Defendant's most recently rejected motion for compassionate release was filed on February 27, 2023, and set forth largely the same arguments that Defendant now asserts in the instant Motion. ECF No. [385]. In the prior motion, "Defendant asserted[d] that he ha[d] been diagnosed with a terminal illness [without support for the contention]; ha[d] 'a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishe[d] [Defendant's] ability to provide self-care within the environment of a correctional facility' and [that he was] 'not expected to recover from [the] condition.'" ECF No. [388] (quoting ECF No. [385]). The Court ultimately rejected the motion, finding that "Defendant ha[d] not demonstrated that he ha[d] suffered a sudden or rapid decline in health or wellness," nor had he "shown that he [was] suffering from serious age-related health deterioration." ECF No. [388] at 14.

---

[1] The Government later dismissed Counts 5 and 6. *See* ECF No. [192].

Defendant now files the instant Motion for Reduced Sentence and Motion for Reconsideration. ECF Nos. [389], [392].[2] Defendant's Motion for Reduced Sentence alleges the same medical and age-related grounds for compassionate release as Defendant asserted in his previous motion. However, in the instant Motion, Defendant offers no specific ailments or arguments to support his alleged age-related deterioration and medical conditions. *See* ECF Nos. [385], [389]. Defendant simply lists the medications he is currently taking. *See* ECF No. [389] at 5. Defendant's only new argument is that his sentence is unusually long under the circumstances. *See id.*

Defendant also filed a Motion for Reconsideration of the Court's April 26, 2023 Order, ECF No. [388], denying Defendant previous motion for a reduced sentence. ECF No. [392]. Defendant's Motion for Reconsideration asserts no newly discovered evidence or error in the Court's prior decision, nor any other potential ground for reconsideration. *See* ECF No. [392] Defendant asserts that he is filing his Motion for Reconsideration because "he fits the specific criteria of 18 U.S.C. § 3582(c)(1) (A)(5) 'Unusually Long Sentences.'" *Id.* at 2. He contends that he was sentenced to life imprisonment and "[e]ffectively, the Government has indeed gotten life" as Defendant has been incarcerated for thirty years. *Id.* at 3. Defendant asserts that "enough is enough," "the past is in the past," and that thirty years of incarceration is a sufficiently long enough term of imprisonment for the crime committed. *Id.*

In addition to Defendant's arguments regarding his "unusually long sentence," Defendant's supplement also provides additional information regarding his medical conditions. Defendant lists the following allegedly age-related conditions he currently suffers from:

---

[2] Defendant also has filed a Motion for Appointment of Counsel, ECF No. [393], however, the Court need not yet address the merits of that Motion.

3

      A) Dermatophy[to]sis of Nails
      B) Type Two Diabetes
      C) Right Hip Replacement
      D) Osteoarthritis
      E) Disorder Facial Nerve
      F) Hypertension
      G) Cataract of my Eyes

*Id.* Defendant also notes he has a walker, a knee brace, and a cane. *See id.* Defendant's supplement does not include any records or medical documentation or any further explanation of the severity of his health conditions. See ECF No. [392].

      The Government responds that Defendant has failed to establish that either his age-related medical condition or his length of sentence justifies compassionate release. *See* ECF No. [394]. The Government first addresses Defendant's medical condition and argues that, although Defendant suffers from a number of ailments, they are "ailments in common with many geriatric individuals" and "they are being well-managed." *Id.* at 7. The Government maintains that "[n]othing much has changed since the Court last reviewed Defendant's medical condition pursuant to his motion for compassionate release last year." *Id.* Therefore, because there are no new circumstances, the Government contends Defendant has yet again failed to establish extraordinary and compelling circumstances related to his health or age that would warrant compassionate release. *See id.* at 8.

      The Government also disagrees that Defendant's life sentence constitutes an "unusually long sentence" that supports compassionate release. Not only does the Government assert that the relevant provision addressing unusually long sentences, U.S.S.G. § 1B1.13(b)(6), is invalid because the United States Sentencing Commission exceeded its constitutional authority by enacting it, the Government also maintains that Defendant has failed to establish any change in law that has produced a gross disparity between the sentence imposed at the time versus the

sentence Defendant would receive if he was sentenced today. ECF No. [394] at 18. Therefore, the Government believes the Court should deny Defendant's compassionate release on this ground as well.

As for Defendant's Motion for Reconsideration, the Government believes it is actually a supplement to Defendant's Motion for Reduced Sentence. *See* ECF No. [394] at 20. However, to the extent it is a motion for reconsideration, the Government contends that the Court lacks jurisdiction to consider the Motion as it was filed more than fourteen days after the Court's Order denying Defendant's previous motion for reduced sentence, ECF No. [385], and therefore, Defendant's Motion for Reconsideration is untimely. *Id.*

## II. LEGAL STANDARD

### A. 18 U.S.C. § 3582(c)(1)(A)

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597,

5

605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). The relevant portion of the statute provides that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction….
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i).

To grant a defendant's request for a reduced sentence under § 3582(c)(1)(A), the Court must: (1) find Defendant has exhausted his administrative remedies with the Bureau of Prisons ("BOP"); (2) conclude that extraordinary and compelling reasons warrant compassionate release in this case; (3) weigh the relevant § 3553(a) factors; and find that (4) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit has held any such reduction must be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent

with [§] 1B1.13."). Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Section 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b). "Each of these circumstances is further defined in the Guidelines' policy statement. The policy statement definitions are binding on courts in this Circuit." *United States v. Harris*, Case No. 8:18-cr-483, 2024 WL 4932775, at *2 (M.D. Fla. Dec. 2, 2024) (citing *Bryant*, 996 F.3d at 1262).

### III. DISCUSSION

#### A. Motion for Reconsideration

The Court begins by addressing the propriety of Defendant's Motion for Reconsideration of the Court's denial of his previous motion for compassionate release.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011); *see United v. Phillips*, 597 F.3d 1190, 1999 (11th Cir. 2010). "When adjudicating motions for reconsideration in criminal cases, courts tend to use the standards governing civil motions for reconsideration." *United States v. Holley*, No. 596CR00208SLBSGC1, 2021 WL 2867032, at *3 (N.D. Ala. July 8, 2021) (citing *United States v. Tubbs*, No. CR 2:14-00135-KD-N, 2021 WL

1031966, at *2 (S.D. Ala. Mar. 17, 2021); *United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 4015499, at *2 (S.D. Fla. July 16, 2020)). "The only grounds for granting a Rule 59[3] motion are newly discovered evidence or manifest errors of law or fact." *United States v. Brown*, No. 3:18-cr-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (internal quotation marks and citations omitted). Therefore, a defendant must assert one of these grounds before a court will consider the defendant's motion.

Furthermore, motions for reconsideration must be timely. To be timely in a criminal case, "a criminal defendant must file a motion for reconsideration within 14 days of the order or judgment." *United States v. Sanders*, No. 22-11640, No. 22-11808, 2023 WL 2822129, at 1 (11th Cir. Apr. 7, 2023).

Here, Defendant's Motion for Reconsideration is untimely. The Court issued its Order denying Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), ECF No. [385], on April 26, 2023. ECF No. [388]. Defendant did not file his Motion for Reconsideration until March 26, 2024—335 days later. ECF No. [392]. Therefore, Defendant filed his Motion out of time. Even assuming the Motion was, indeed, timely, the Motion is meritless as Defendant offers no grounds for reconsideration. Defendant does not claim the Court made any error in it April 26, 2023 decision, nor does he point to any new evidence that would warrant the Court reconsidering its prior order. *See* ECF No. [392]. Defendant merely asserts that he has been incarcerated for too long and lists his current medical conditions.[4] *See Id.* Therefore, to the extent

---

[3] In a criminal case, a defendant may only seek reconsideration under Rule 59 not Rule 60. *See Smith v. United States*, 433 Fed App'x 891, 892 (11th Cir. 2011) ("[W]e have held that Rule 60(b) cannot be used to obtain relief in criminal proceedings.") (citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)).

[4] The Court notes the fact that some of Defendant's alleged medical conditions are different from the conditions he listed in the February 27, 2023 motion is not a basis for reconsideration as Defendant offers no evidence to support these bald allegations of new conditions. A motion for reconsideration requires new

Defendant's filing at ECF No. [392] is a motion for reconsideration, it is denied as untimely and lacking merit.

The Court, however, agrees with the Government that Defendant's Motion for Reconsideration appears to be a supplement to Defendant's instant Motion for Reduced Sentence, ECF No. [389]. Therefore, the Court will construe the filing as a supplement to Defendant's Motion for Reduced Sentence, ECF No. [389], for the remainder of this analysis.

**B. Motion for Reduced Sentence**

    **a. Exhaustion of Administrative Remedies**

As noted, under 18 U.S.C. § 3582(c)(1)(A), a Court may modify a term of imprisonment if (1) the defendant "has fully exhausted all administrative rights to appeal a failure of Prisons to bring a motion on the defendant's behalf," or (2) 30 days have lapsed from the receipt of such request by the warden of the defendant's facility. Defendant filed the instant Motion for Reduced Sentence on March 26, 2024, and the record indicates that Defendant personally submitted his request for compassionate release to the warden of the institution where he is incarcerated on or before January 6, 2023. ECF No. [389] at 3. Because more than a year has elapsed since the initial request and the instant Motion, the 30-day exception to administrative exhaustion applies. *See United States v. Vence-Small*, 613 F. Supp. 3d 653, 658 (D. Conn. 2020) (reasoning that, under Section 3582(c)(1)(A), "[a] defendant must either fully exhaust all of the BOP's administrative appeal requirements or . . . wait for 30 days after seeking relief from the prison warden before filing a motion for relief with a court."). Accordingly, the Defendant has exhausted his administrative remedies and the Court proceeds to consider the factors delineated in 18 U.S.C. § 3553(a).

---

evidence not simply new allegations.

**b. U.S.S.G. § 1B1.13 - Age of the Defendant**

As pertinent here, Commentary to the Federal Sentencing Guidelines states as follows:

1. Extraordinary and Compelling Reasons—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    **(III)** *experiencing deteriorating physical or mental health because of the aging process*, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    *(B)* ***Age of the Defendant.—The defendant***

    *(i)* *is at least 65 years old;*

    *(ii)* *(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and*

> *(iii)    (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less*

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added). Defendant seeks compassionate release pursuant to the age of the defendant provision of the sentencing guidelines, just as he did in his motion last year. *See* ECF No. [389] and ECF No. [385]. Defendant claims that he is over 65 years old, he has served at least 10 years or 75 percent of his term of imprisonment, and that he has "a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility, and [he is] not expected to recover from this condition." ECF No. [389] at 4.

The Government does not dispute that Defendant is at least 65 years old, or that he has served at least 10 years or 75 percent of his term of imprisonment, but challenges whether Defendant is experiencing a serious deterioration in his physical or mental health because of the aging process. The Government argues that Defendant's Motion for Reduced Sentence "is devoid of any details regarding any medical condition or ailment that meets the [relevant] standard." ECF No. [394] at 7. Defendant merely "lists the medications he is currently taking." *Id.* Moreover, the Government points out that Defendant has offered no evidence that his circumstances have changed since the Court rejected his most recent motion for compassionate release less than a year ago on the same grounds. Indeed, the evidence shows instead that the "Defendant's medical conditions are being well-managed at his facility, and his health has improved on several fronts." ECF No. [394] at 9. Therefore, the Government maintains that Defendant "does not meet the extraordinary and compelling standard for compassionate release under the 'Age of the Defendant' category." *Id.*

The Court does not find that Defendant has shown that his age warrants compassionate release. Less than one year ago, the Court ruled that Defendant's age did not warrant compassionate release while offering a thorough and detailed explanation for why compassionate release was not appropriate under the circumstances. *See* ECF No. [388]. Rather than supplementing the record and offering additional evidence to support that he is rapidly deteriorating and/or becoming unable to care for himself in prison due to his age, Defendant simply asserts that his age and medical conditions warrant such relief. The only additional evidence Defendant provides is an extensive list of medications he is currently prescribed. However, the list of medications does not demonstrate that Defendant is suffering age-related deterioration more severe than any other geriatric inmate. Indeed, the long list of medications arguably demonstrates that Defendant is receiving adequate treatment and assistance in the prison.

To the extent Defendant's "Motion for Reconsideration" serves as a supplement, the filing still fails to alter the Court's conclusion. In the supplemental filing, Defendant lists his various medical conditions: "Dermatophy[to]sis of nails;" "Type Two Diabetes;" "Right Hip Replacement;" "Osteoarthritis;" "Disorder Facial Nerve;" "Hypertension;" and "Cataract of my Eyes." ECF No. [392] at 6. Defendant also notes he has a walker, knee brace cane, and claims that those conditions and equipment are related to his age. However, Defendant fails to show whether those conditions are serious, or "relatively minor or treatable conditions commonly caused by aging." *United States v. Holley*, No. 596CR00208SLBSGC1, 2021 WL 2320394, at *5 (N.D. Ala. June 7, 2021); *see, e.g., United States v. Mathias*, Case No. 09-60292- CR-Dimitrouleas (S.D. Fla. Nov. 29, 2022) (77-year-old defendant who has served most of a 240-month sentence, was denied compassionate release because the district court found that his "diabetes, aortic aneurysm, back and knee pain, migraines, vertigo, long-Covid-19, epilepsy, seizures, blackouts, sciatica, shortness

of breath, short term memory loss, glaucoma, harsh prison conditions, COVID-19 and his family situation do not rise to the level of extraordinary and compelling reasons for relief. He can function in prison with those maladies. Moreover, such relief would not promote respect for the law or act as a deterrent."). Without medical evidence at least showing the existence of these conditions as well as evidence that the conditions are serious age-related conditions, the Court is unable to grant the relief requested.

### c. U.S.S.G. § 1B1.13(b)(6) - Unusually Long Sentence

The only other argument that Defendant makes for compassionate release is that he is suffering an unusually long sentence. Defendant offers no argument for why he believes he is suffering an unusually long sentence or how he has satisfied the sentencing guideline requirements set out in U.S.S.G. § 1B1.13(b)(6).

Although Defendant is serving a term of life imprisonment, the Government opposes relief based on the purported unusually long sentence. The Government offers several bases for denying such relief. First, it contends that relief under § 1B1.13(b)(6) is inappropriate as the United States Sentencing Commission exceeded its authority in enacting the provision. Therefore, "any intervening development in sentencing law cannot serve as an extraordinary or a compelling reason for a sentence reduction in isolation or as adding to a package of such 'reasons.'" ECF No. [394] at 12. In any event, the Court maintains even if § 1B1.13(b)(6) is valid, Defendant cannot establish extraordinary or compelling reasons for a sentence reduction. According to the Government, "there have been no statutory or Guideline changes [since Defendant has been sentenced] that would yield a lesser sentencing range for Defendant if he were sentenced today." *Id.* at 18.

The Court need not address the validity of § 1B1.13(b)(6) because even assuming arguendo that it is constitutional, Defendant has failed to establish that he would otherwise be entitled to

relief under the provision.

U.S.S.G. § 1B1.13(b)(6) allows the Court to consider the length of a sentence when determining whether a defendant has presented an extraordinary and compelling reason for compassionate release. The provision provides:

> (b)(6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guideline Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

> (c) LIMITATION ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reasons exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

Defendant does not address U.S.S.G. § 1B1.13(b)(6) in any meaningful way. Defendant simply states that "[t]he basis of this request is the 'unusually long sentence.'" ECF No. [389].[5] However, when a defendant seeks compassionate release or a reduction in sentence, the defendant bears the burden of demonstrating he or she is entitled to the relief requested. *Hamilton*, 715 F.3d at 337 (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted). Defendant has failed to offer any arguments or evidence

---

[5] To the extent Defendant's Motion for Reconsideration is really a supplement to the instant motion for compassionate release, it fails to assist Defendant in establishing the requirements for an unusually long sentence under § 1B1.13(b)(6). In the Motion for Reconsideration, he simply asserts that 30 years of incarceration is enough. He makes no legal arguments with respect to the unusual length of the sentence. In fact, he specifically asserts that "Case Law is not needed here." ECF No. [392] at 6.

to support his bald assertion that compassionate release is warranted based on his unusually long sentence. Accordingly, Defendant's argument for compassionate release pursuant to § 1B1.13(b)(6) is rejected as well.

As Defendant offers no other basis for release, the Court concludes he has failed to meet the threshold requirements under § 3582(c)(1)(A) as he has not established extraordinary or compelling circumstances warranting relief. Consequently, the Court need not consider whether the § 3553(a) factors of the Sentencing Commission's applicable policy statement support compassionate release. *See United States v. Giron*, 15 F. 4th 1343, 1347 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").[6]

### C. Motion to Appoint Counsel

Defendant seeks to have the Court appoint counsel to represent him in these collateral proceedings. ECF No. [393]. Defendant argues that by proceeding without counsel, he is "prejudiced because of his incarceration, continual lockdown, [lack of] constant access to the institutional law library, his health, and the fact the Government has better resources available to them like paralegal, law research, [ ] specialists, other experienced attorneys, Pacer [ ] etc." *Id.* at 2. According to Defendant, the disparity in resources creates a "very big advantage over [him] as well as an extreme prejudice." *Id.*

The Government responds that Defendant's Motion to Appoint Counsel is without merit. ECF No. [394] at 21. The Government points out that a criminal defendant "has no Sixth Amendment right to counsel in connection with an 18 U.S.C. § 3582(c) motion." *Id.* According to

---

[6] Additionally, because the Court does not find extraordinary or compelling circumstances warrant compassionate release, the Court need not decide whether Defendant is a danger to the community.

the Government, there is also no statutory right to counsel in a § 3582(c) proceeding. Being that there is neither a constitutional nor a statutory right to counsel under the circumstances, the Government maintains that the Court should exercise its sound discretion and deny Defendant's Motion. *See id.*

The Government is correct. Defendant has "no constitutional or statutory right to counsel for a motion for compassionate release." *United States v. Mollica*, 640 F. Supp. 3d 1209, 1219 (N.D. Ala. Nov. 9, 2022); *see United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009). As such, the appointment of counsel for a motion of compassionate release is "left to the discretion of the district court." *Webb*, 565 F.3d at 794–95; *see United States v. Courson*, 835 F. App'x 546, 547 (11th Cir. 2021). The primary consideration guiding a court's decision to appoint counsel for a § 3582(c)(2) motion is whether the factual or legal issues raised are particularly novel or complex. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("[A]ppointment of counsel in th[e] context [of compassionate release] is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner."); *United States v. Parks*, No. 22-10970, 2023 WL 6382402, at *1 (11th Cir. Nov. 16, 2022) (finding defendant's "motion lacked sufficiently complex factual or legal issues that would warrant the appointment of counsel"). Here, the issues presented to the Court in the Motion for Reduction of Sentence and Motion for Reconsideration are neither novel or complex. Therefore, the appointment of counsel is unnecessary. *See United States v. Courson*, 835 F. App'x 546, 547 (11th Cir. 2021); *United States v. Hickson*, Case No. 4:13-CR-24, 2021 WL 1687317, at *2 (M.D. Ga. Apr. 29, 2021).

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Jorge Bueno Sierra's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), **ECF No. [389]**, is **DENIED**.

2. Defendant's Motion for Reconsideration, **ECF No. [392]**, is **DENIED**.

3. Defendant's Motion for Appointment of Counsel, **ECF No. [393]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 27, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Jorge Eliecer Bueno-Sierra
43039-004
FCI Victorville Medium
Federal Correctional Institution
P.O. BOX 3850
Adelanto, CA 92301