## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 93-cr-00567-BLOOM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JORGE ELIECER BUENO-SIERRA,

     Defendant.

_____/

### ORDER DENYING LEAVE TO PROCEED
### IN FORMA PAUPERIS ON APPEAL

**THIS CAUSE** is before the Court upon Defendant's Motion for Leave to Proceed in Forma Pauperis, ECF No. [413] ("Motion"). Defendant's Motion is denied for two reasons: (1) the Motion does not satisfy the requirements of Federal Rule of Appellate Procedure 24(a)(1)(C) and (2) Defendant's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

First, Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party filing a motion in the district court seeking to appeal *in forma pauperis* must attach an affidavit to the motion that, "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Defendant has not filed an affidavit containing any of these requirements.

Second, Defendant's appeal is not taken in good faith. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x

858, 859 (11th Cir. 2008). "[A]n action is frivolous if it is without arguable merit either in law or in fact." *Irizarry v. Sec'y, Fla. Dep't of Corr.*, No. 21-10591, 2021 WL 3231163, at *2 (11th Cir. July 22, 2021) (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)). "[A]rguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). In other words, an appeal filed *in forma pauperis* is frivolous "when it appears the plaintiff has little or no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotation marks omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citation omitted).

On December 27, 2024, the Court denied Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant's Motion for Reconsideration of the Court's denial of his previous motion for a reduced sentence, and Defendant's Motion for Appointment of Counsel. ECF No. [400]. On March 21, 2025, Defendant filed a Notice of Appeal. ECF No. [408].

As the Court noted in its December 27, 2024 Order, "Defendant has previously sought compassionate release on multiple occasions, all of which have been denied." ECF No. [400] at 2 (citing ECF Nos. [272], [276], [277], [278], [295], [298], [302], [348], [351], [361], [367], [385], [388]). The only new argument Defendant presented was "that his sentence is unusually long under the circumstances." *Id.* at 3. Defendant sought compassionate release "pursuant to the age of the defendant provision of the sentencing guidelines, just as he did in his motion [in 2023]." *Id.* at 11. The Court found Defendant's age did not warrant compassionate release because "[l]ess than one year ago, the Court ruled that Defendant's age did not warrant compassionate release" and

Defendant did not provide any additional evidence to support the argument that he is "rapidly deteriorating and/or becoming unable to care for himself in prison due to his age[.]" *Id.* at 12. Instead, Defendant provided "an extensive list of medications he is currently prescribed" which "d[id] not demonstrate that Defendant is suffering age-related deterioration more severe than any other geriatric inmate." *Id.* Regarding Defendant's additional argument that he is suffering an unusually long sentence, "Defendant offer[ed] no argument for why he believes he is suffering an unusually long sentence or how he has satisfied the sentencing guideline requirements set out in U.S.S.G. § 1B1.13(b)(6)." *Id.* at 13. Accordingly, the Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) was denied. *Id.* at 17. Defendant's Motion for Reconsideration of the Court's denial of his previous motion for compassionate release was denied as untimely and lacking merit. *Id.* at 8-9. Defendant did not "claim the Court made any error" in its prior decision, nor did Defendant "point do any new evidence that would warrant the Court reconsidering its prior order." *Id.* at 8. Lastly, the Court determined that Defendant had "no constitutional or statutory right to counsel for a motion for compassionate release." *Id.* at 16 (quoting *United States v. Mollica*, 640 F. Supp. 3d 1209, 1219 (N.D. Ala. Nov. 9, 2022)). Therefore, Defendant's appeal lacks an arguable basis in law and fact, and the Court therefore certifies that this appeal is not taken in good faith.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [413]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 16, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

3

Counsel of record

Jorge Eliecer Bueno-Sierra
43039-004
Victorville Medium II - FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 3850
Adelanto, CA 92301
PRO SE